UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark M. Zanecki, Personal Representative
of the Estate of Richard M. Zanecki,
Deceased,,

      Plaintiff,

v.

Institutional Review Board: Henry Ford
Health System IRB #1,

Institutional Review Board: St. Joseph
Mercy Oakland–Trinity Health System IRB
#1,

      Defendants.
_____/

Case No. 12-13233

Honorable Nancy G. Edmunds

**ORDER AND OPINION OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [54], ACCEPTING AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [53], GRANTING HENRY FORD'S MOTION TO DISMISS [47], DENYING AS MOOT ST. JOSEPH'S MOTION FOR SUMMARY JUDGMENT [9], DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [55], AND DENYING AS MOOT DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM ENGAGING IN THE UNAUTHORIZED PRACTICE OF LAW [60, 62]**

Plaintiff Mark M. Zanecki's objections to the magistrate judge's January 17, 2013 report and recommendation are now before the Court. (Dkt. 54.) The magistrate judge recommended granting Defendant Henry Ford IRB's motion to dismiss and denying without prejudice Defendant St. Joseph IRB's motion for summary judgment. (Dkt. 53.)

The magistrate judge recommended two bases for granting Defendant Henry Ford IRB's motion to dismiss. (RR at 7, 12.) She first recommended that the 42 U.S.C. § 1983

three-year statute of limitations barred Plaintiff's claims. (*Id.* at 7.) She recommended finding that the accrual date of this action was October 3, 2007, the day that Plaintiff's father passed away. (*Id.* at 8.) She reasoned that all of the injuries alleged in the case arose from the passing and that Plaintiff did not offer an "explanation as to why he did not have reason to know of these injuries until Richard Zanecki's estate filed the state-court complaint on November 13, 2009. (*Id.*) The magistrate judge further noted that Plaintiff's choice of accrual date appeared "entirely arbitrary." (*Id.*) The magistrate judge forestalled Plaintiff's tolling arguments. She stated:

> To the extent that Plaintiff would argue that he did not know that Henry Ford IRB and St. John IRB were involved in Richard Zanecki's death, such an argument would not require a different result. At the time of Richard Zanecki's death, or very shortly thereafter, Plaintiff knew, or through reasonable diligence, could have determined that the Boston Scientific Wingspan Stent was used in Richard Zanecki's angioplasty. With that fact, Plaintiff could have determined that the FDA approved the device under a limited humanitarian device exemption. This [discovery,] i[n] turn, would have led Plaintiff to the very claims he makes now: that institutional review board approval was necessary before the Wingspan Stent was procured, and Henry Ford IRB and St. John IRB violated their review-board obligations in approving use of the Wingspan Stent and/or failing to ensure that Richard Zanecki was provided with proper informed consent. Moreover, precedent provides that Plaintiff did not need to know the specific identity of the potential defendant before his claim would accrue.

(*Id.* at 9) (citations omitted).

The magistrate judge then discussed a second basis of dismissal for Counts I, II, V, and VI. (RR at 12.) She recommended dismissing those counts, which are based on violations of Medicare regulations and Center for Medicare and Medicaid Services's guidelines, manuals, and National Coverage Decisions, on the basis that those regulations and materials do not provide a private right of action. (*Id.*)

2

The magistrate judge ultimately recommended that the Court grant Henry Ford IRB's motion to dismiss and deny without prejudice St. Joseph's motion for summary judgment. (RR at 21.) The magistrate judge recommended finding that she did not need to reach the issues raised in the motion for summary judgment because the motion to dismiss properly raised the statute of limitations issue and properly foreclosed all the issues of the case. (*Id.*) But the magistrate judge did not recommend dismissing St. Joseph from the case, because it had not properly joined in the motion to dismiss. (*Id.*)

Plaintiff has filed objections. (Dkt. 54, Pl.'s Objections.) Plaintiff first argues that he should be allowed to file a seconded amended complaint so that he can raise equitable tolling and allege facts to support that the statute of limitations should be tolled because he did not know of the government involvement until much later than his father's passing. (Pl.'s Objections at 5-6.) Following that argument, Plaintiff moved for leave to file a second amended complaint. (Dkt. 55.) Over two weeks later, he filed his suggested amended complaint. (Dkt. 61.)

The Court agrees with the magistrate judge on both bases of dismissal. The Court discusses the statute of limitations basis, finding it dispositive.

Plaintiff points the Court to *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980) and argues that it should persuade the Court to toll the statute of limitations until the date he found out about the Defendant IRBs. The Court does not read *Stoleson* so narrowly.

"Ordinarily, a tort claim accrues at the time the claimant is demonstrably injured." *Stoleson*, 629 F.2d at 1268. "In the usual case, the fact of injury provides adequate notice of the cause of the injury and of the possibility that one's legal rights have been invaded." (*Id.*) (citation omitted). "In medical malpractice cases . . . the statute of limitations does not

3

begin to run until after the patient discovers or in the exercise of reasonable diligence should discover his injury and its cause." *Id.* Put another way, "a claim accrues when a plaintiff discovers or, in the exercise of reasonable diligence, should discover the 'critical facts' of injury and cause. The statute then begins its progress with or without the plaintiff's knowledge that the defendant's conduct constitutes negligence." *Stoleson*, 629 F.2d at 1269. "[A] plaintiff armed with knowledge of his injury and its cause is no longer at the mercy of a defendant's specialized knowledge. A plaintiff in that position need only inquire of other professionals, including lawyers, whether he has been legally wronged." (*Id.* at 1269-70.)

In *Stoleson*, the plaintiff, in 1967, began working in a government factory in which she was exposed to nitroglycerin. 629 F.2d at 1266. At the end of 1967, the plaintiff began experiencing chest pains. *Id.* In early 1968, the plaintiff had a heart attack. *Id.* The court pointed out that the plaintiff, from the time of her heart attack in 1968, suspected a connection between her heart attack and her working conditions. *Id.* She reached out to her treating physician, but he told her that her condition was not related to exposure to nitroglycerin. *Id.* at 1267. In the spring of 1969, the plaintiff read in a union newspaper an article that connected anginal chest pain to nitroglycerin exposure. *Id.* Two years later, the plaintiff consulted a physician who connected her chest pain to the nitroglycerin and later published an article documenting the causal relationship. *Id.*

When the plaintiff filed suit, the district court dismissed her claim, finding that the statute of limitations barred the claim and that her claim either accrued when she had the heart attack or when she read the article suggesting a causal connection. *Stoleson*, 629 F.2d at 1267. The Seventh Circuit held that the plaintiff's action did not accrue until the she

4

knew that nitroglycerin exposure was the cause of her problems. *Id.* at 1270. The court reasoned that enforcement of her claim was "implausible" up until the physician first documented the causal connection. *Id.* The court held that the plaintiff's claim began to toll when the doctor wrote that article, because she then had proof of the causal connection. *Id.*

Plaintiff also points to *Drazan v. United States*, 762 F.2d 56 (7th Cir. 1985). There, the court stated "[w]hen there are two causes of an injury, and only one is the government, the knowledge that is required to set the statute of limitations running is knowledge of the government cause, not just the other cause." *Drazan*, 762 F.2d at 59. The court clarified its statement: "[the statute of limitations] begins to run either when the government cause is known or when a reasonably diligent person (in the tort claimant's position) reacting to any suspicious circumstances of which he might have been aware would have discovered the government cause-whichever comes first." *Id.* (citation omitted).

This case is different from the two cases discussed above. Here, the injury and the cause of the injury was apparent, or should have been apparent, to Plaintiff: the Wingspan Stent and the use of the Wingspan Stent. His cause of action accrued, as the magistrate judge stated, when his father passed, on October 3, 2007, or, at the latest, in December, 2007, when he learned from the coroner that the stent caused his father's death.[1] From that information, Plaintiff was on notice that the stent, its use, its manufacturing, and its approval to be used, could have been the cause of the death. The Court therefore finds that the statute of limitations has run, and that Plaintiff's claims are barred. Given that his

---

[1] In his proposed amended complaint, Plaintiff states he knew that the Wingspan Stent caused the death of his father in December, 2007. (Pl.'s Proposed Am. Compl. at 18.)

5

claims are barred, the Court finds that Plaintiff's motion to amend would be futile.[2] While the magistrate judge did not recommend dismissing this case, the Court finds it proper. The statute of limitations bars the claims against both Defendants. The Court therefore ACCEPTS and ADOPTS IN PART the magistrate judge's report and recommendation. The Court GRANTS Defendant Henry Ford IRB's motion to dismiss, DENIES as MOOT Defendant St. Joseph's motion for summary judgment, DENIES Plaintiff's motion for leave to file a second amended complaint, DENIES as MOOT Defendant St. Joseph IRB's motion to preclude Plaintiff from engaging in the unauthorized practice of law, and DISMISSES this case.

So ordered

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 13, 2013

---

[2] Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). A proposed amendment of a complaint is "futile" if the amendment could not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff argues that an amended would not be futile because he has "added allegations and federal case law pertinent to the accrual date[/] equitable tolling commencement when there are multiple independent causes of action[:] one cause of action [for] malpractice and a second government cause of action which requires fact finding by the court[.]" (Pl.'s Mot. for Leave at 4.) Plaintiff also seeks to add substantive due process, procedural due process, denial of access to courts, and state create danger claims. (Pl.'s Mot. for Leave at 4.) The Court has reviewed the proposed second amended complaint, and disagrees with Plaintiff, the second amended complaint would be futile.

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2013, by electronic and/or ordinary mail.

                                            s/Carol A. Hemeyer
                                            Case Manager