UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark M. Zanecki, Personal Representative
of the Estate of Richard M. Zanecki,
Deceased,,

       Plaintiff,

v.

Institutional Review Board: Henry Ford
Health System IRB #1,

Institutional Review Board: St. Joseph
Mercy Oakland–Trinity Health System IRB
#1,

       Defendants.
_____/

Case No. 12-13233

Honorable Nancy G. Edmunds

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [70[

Before the Court is Plaintiff Mark M. Zanecki's Federal Rule of Civil Procedure 60 motion for relief from judgment. (Dkt. 70.) Plaintiff argues that Defendants' actions constituted misconduct in their defense of this case, and that their misconduct warrants relief from the Court's judgment.[1]

Plaintiff alleges that Defendants' failure to inform him that he was participating in the unauthorized practice of law constituted misconduct. (Pl.'s Mot. at 2.) Plaintiff states that

---

[1] Defendants have responded to Plaintiff's motion. (Dkt. 71.) In their motion, they argue that Plaintiff alleges in his motion that Defendants committed fraud. The Court does not read Plaintiff's motion that way. Defendants are addressing the underlying claims that Plaintiff would present if the Court were to grant Plaintiff his requested relief from judgment.

Defendants knew of his status as a "lay person representing the estate *pro se*" from the case's beginning. (*Id.*) Plaintiff argues that Defendants "had an affirmative duty to promptly call to the Court's attention their suspicions that the estate was being represented by an individual who was not licensed to practice law and who was not admitted to practice in this Court." (*Id.*) Plaintiff also argues that Defendants' failure and their choice to litigate against him pro se, without first filing their motion to preclude his filing as an unauthorized practitioner, made it so that he did not a retain an attorney at the case's outset. (*Id.* at 2-3.) Plaintiff maintains that he would have retained a lawyer had Defendants filed their motion earlier. This legal representation, he insists, would have allowed him to more appropriately defend the motions to dismiss. (*Id.* at 3.) Plaintiff maintains that "[f]or purposes of Rule 60(b)(3), Defendants' conduct in deferring their motion on the unauthorized practice of law until after securing a favorable R&R constitutes misconduct warranting relief from the Judgment and the Opinion and Order." (*Id.*)

With the assistance of counsel, Plaintiff states that "the estate would surely have better addressed equitable tolling and other counter-defenses in response to [the] statute of limitations argument." (Pl.'s Br. at 2.) Plaintiff also states that his counsel, "too, would have been better able to argue the appropriate accrual date for a Section 1983 action[.]" (*Id.*) Plaintiff adds that he attempted to address the arguments, "but his lay status resulted in pleadings that presented those arguments less forcefully and with perhaps an overabundance of documents and under abundance of citation to those documents in a fashion that would make them readily accessible to the Court." (*Id.* at 3.)

2

Rule 60(b)(3) provides relief from a final judgment for "fraud . . . misrepresentation, or misconduct by an opposing party[.]"[2] To successfully show misconduct, the moving party must present "clear and convincing evidence of . . . questionable behavior affecting the fairness of litigation other than statements or the failure to make statements." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 07-11761, 2013 WL 1316726, at *3 (E.D.MIch. Mar. 29, 2013) (Tarnow, J.) (quoting *Satyam Computer Serv., Ltd. v. Venture Global Eng'g, LLC*, 323 F.App'x 421, 429-30 (6th Cir. 2009)). The moving party must further "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding." *Id*. (quoting *Info-Hold v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008)).

Here, Plaintiff has not met his burden to show that Defendants participated in misconduct by clear and convincing evidence. Plaintiff has not shown that Defendants negatively influenced the fairness of the litigation--for Plaintiff submitted pleadings and made and responded to arguments necessary to the adjudication of his claims. Defendants did not prohibit Plaintiff, at any time, from retaining a lawyer. Plaintiff chose to proceed pro se in this case. The Court respects his choice, but also cannot afford him any special treatment or second chances. *See Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) ("When a person . . . chooses to represent himself, he should expect no special treatment which prefers him over others who are represented by attorneys.").

---

[2]Plaintiff also argues that the Court could provide relief from judgment under Rule 60(b)(6), which gives the Court the ability to provide relief for "any other reasons [than those listed] that justifies relief." (Pl.'s Br. at 2.)

Regardless of Plaintiff's argument that a lawyer would have litigated this case differently, the Court and the magistrate judge fully considered the merits of Plaintiff's claims and even the arguments he presents in his Rule 60(b) motion.  Nothing Plaintiff has presented to the Court in his Rule 60 motion persuades the Court that it should rule differently.  And Plaintiff has presented no evidence or argument that the Court would find justifies relief under any subsection of Rule 60(b).

The Court therefore DENIES Plaintiff's motion for relief from judgment.

So ordered.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated:  April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

                                  s/Kim Grimes
                                  Acting in the absence of Carol Hemeyer,
                                  Case Manager to Judge Edmunds